IN RE APPEALS OF EMIL SCHLUTER AND ANOTHER
FROM ORDERS OF THE SUPERINTENDENT OF
SCHOOLS, POPE COUNTY.
INDEPENDENT SCHOOL DISTRICT NO. 613, INTERVENOR.

141 N. W. (2d) 482.

March 25, 1966—Nos. 39,868, 39,869, 39,870.

*Michael P. Perry, Gordon Rosenmeier,* and *John E. Simonett,* for appellant.

*Callaghan Law Offices, Norvell C. Callaghan,* and *Philip B. Rolig,* for respondents.

OTIS, JUSTICE.

These appeals arise out of judgments of the District Court of Pope County upholding the validity of two orders of the county superintendent of schools consolidating portions of the Sedan School District No. 613 with Glenwood School District No. 612 and Brooten School District No. 737. The Sedan school board has intervened and is here the appellant. Respondents are the county superintendent of schools and the intervening school boards of Glenwood and Brooten. The issues are (1) whether the superintendent's consolidation order was arbitrary, capricious, oppressive, and fraudulent, and (2) whether the order was authorized by Minn. St. 122.23 as a consolidation proceeding or came under the detachment and annexation provisions of § 122.21.

On December 16, 1963, the Sedan school board submitted to a vote the question of whether the district should be dissolved and its educational functions assumed by the Glenwood and Brooten school districts. The proposal was defeated 52 to 28. On December 18, 1963, and January 13, 1964, the county superintendent of schools received petitions to consolidate portions of the Sedan district with Glenwood and Brooten without a complete dissolution of the Sedan district. Pursuant to the petitions, and on her own initiative as well, the superintendent prepared appropriate plats which were transmitted to and approved by the commissioner of education and ultimately submitted to the voters in the areas affected. At an election in March 1964, the consolidation with Brooten was approved by a vote of 7 to 4 and the consolidation with Glenwood by a vote of 13 to 2. Appeals to the district court from the resulting orders of consolidation were taken by aggrieved residents. After a full hearing, the district court found that the actions of the superintendent and the commissioner of education were not arbitrary, fraudulent, capricious, or oppressive, or in unreasonable disregard of the best interests of the territory affected and held both orders of consolidation valid.

■ As a result of the consolidation orders, 8 of the 34 pupils attending the Sedan Elementary School were transferred to Brooten and Glenwood; the taxable area was reduced from 12¾ sections to 4¼ sections; and its assessed value lowered from $108,934 to $56,538. Appellant

argues that the per-pupil cost of education has thereby been appreciably increased in the Sedan district without any corresponding benefit to the taxpayers or pupils in the Brooten and Glenwood districts. The cost of maintenance and transportation at Sedan will not be reduced, and the only apparent economy which can be effected is the reduction in the teaching staff from two full-time teachers to one. While this would leave a ratio of pupils to teacher within the limits of standards established by the commissioner of education, it is undisputed that the quality of teaching would inevitably suffer.

In support of the orders, respondents stress the limitations in the educational facilities at Sedan compared with those in the other two districts. The Sedan district maintains a building for grades one through six in a village having a population of less than 100 persons. It operates no secondary school. The buildings at Brooten and Glenwood are relatively new and provide facilities and special instruction not available in Sedan, such as a kindergarten, a secondary school, remedial reading, instruction for retarded students, a gymnasium, auditorium, library, and various audio-visual aids.

The thrust of appellant's argument in support of its claim that these proceedings were invalid is twofold—first, that some 52 percent of its assessed value has been removed but 76 percent of its elementary pupils remain to be educated; and, second, that the procedures adopted did not include a consideration of a number of relevant factors. Appellant complains that the county superintendent of schools prepared the plats within 2 days of the time a vote of the entire district had rejected dissolution; the Sedan district school board was not consulted; there was no public hearing at which persons in the area which remained, whose tax burden was increased, could be heard; and there was no showing that the existing educational facilities furnished by the Sedan district were inadequate.

The action of the county superintendent and the commissioner of education in ordering consolidation is a legislative one which the courts will not set aside unless it is not exercised in good faith and constitutes an abuse of discretion. Before the courts may interfere, there must be a showing that the order was fraudulent, arbitrary, oppressive, and in un-

reasonable disregard of the best interests of the territory affected. In re Dissolution of Independent School Dist. No. 27, 240 Minn. 257, 260, 60 N. W. (2d) 617, 619; In re Certain School Dists. Freeborn County, 246 Minn. 96, 103, 74 N. W. (2d) 410, 415. We are of the opinion the challenged orders were proper tested by these standards.

Viewed realistically, the educational facilities in the Sedan district do not measure up to those in Brooten and Glenwood. The teaching staff and teaching aids of a small elementary school cannot compete with a system which provides education from kindergarten through high school. In the instant case, those who favored consolidation were already required to furnish transportation for their children since most of them came from rural areas. The distance to each of the schools was about the same for them, and it was therefore reasonable to expect they would prefer a district which provided a better quality of education.

Implicit in the existing statutes is a recognition by the legislature that a small school district such as Sedan, which has no secondary school, may not thwart the will of those residents who wish to have their children educated in a more comprehensive school system. There is no provision in the law which requires the county superintendent to consult with or secure the consent of the local school board, and neither public hearings nor a vote of the entire district affected is necessary. Whatever additional tax burden results to the remainder of the district is a byproduct of the inexorable movement toward consolidation, which by its very nature provides a more economical and efficient system of education.

■ On a motion for amended findings appellants in the district court for the first time alleged that these proceedings were invalid because they were brought under the consolidation provisions of the statute rather than the detachment and annexation sections. In support of that position, appellant here argues that consolidation is appropriate only in the creation of *new* districts, which it asserts did not occur. In addition, it relies on the comments of the interim commission dealing with questions of consolidation wherein the commission notes that the consolidation provision allows "groups of adjoining school districts" to consolidate into a new district.[1] The appellant therefore concludes that the proper proce-

---

[1] Report of Education Laws Commission 1957, p. 8, 10 M. S. A. p. 144.

dure should have been under the detachment and annexation provisions of Minn. St. 122.21. We do not agree. Notwithstanding the comments of the commission, § 122.23 specifically provides:

"Common or independent districts *or parts thereof* * * * may consolidate into a single independent district by proceedings taken in accordance with this section." (Italics supplied.)

The statute further refers to the resulting area as a "new" district. It is clear that the legislature intended that a part of one independent district could consolidate with another district to create a "new" district notwithstanding the fact that the district with which the consolidation is effected otherwise retains its identity. In the instant case we do not have groups of districts consolidating but groups of persons in a single district consolidating with other existing districts to form two new districts, as we construe the statute. We therefore hold that these proceedings were properly brought under § 122.23.

Affirmed.